UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO LAZARO III MATEO,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | Case No. 23-cv-01561-AMO<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING REQUEST FOR FEES AND COSTS**<br><br>Re: Dkt. No. 15 |

Before the Court is Plaintiff Rodolfo Lazaro III Mateo's motion to remand and for attorney's fees and costs. Defendants Home Depot, U.S.A., Inc., Greg Johnson, and Michael Chagoya[1] oppose the motion, which is suitable for disposition without hearing pursuant to Civil L.R. 7-1(b). Having carefully considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion to remand and DENIES the request for fees and costs, for the reasons set forth below.

**I.   BACKGROUND**

   **A.   Factual background**

Mr. Mateo worked at Home Depot from 1997 to 2022. ECF 15 at 17. He started as a Plumbing Associate before becoming a Plumbing Supervisor. *Id.* He then worked as a Stock and Inventory Manager. *Id.* After that, he became a PRO Commercial Account Sales Associate. *Id.* In that role, he was "assigned to close big contracts with builders that could be worth hundreds of thousands of dollars per account." *Id.* In 2015, Mr. Mateo earned membership in the "Million Dollar Club," which recognizes sales associates with "at least $1.2M in total sales for the year."

---

[1] Defendants are erroneously sued as Home Depot, LLC, Gregg Johnson, and Mike Chagolla. *See* ECF 1 at 2.

1  Mr. Mateo remained a member until 2022. *Id.*

2        On January 5, 2022, Mr. Mateo was terminated. *Id.* at 17-18. Assistant manager Greg
3  Johnson called Mr. Mateo to the human resources department. *Id.* at 17. There, loss prevention
4  officer Michael Chagoya accused Mr. Mateo of "mis-using his PRO rewards information to ring
5  up a customer's purchase at the store." *Id.* at 17-18. Despite Mr. Mateo's explanation for the
6  mistake, the "mis-use of the information was supposedly a 'policy violation.'" *Id.* at 18. The
7  points earned from the transaction "could . . . translate to $5 to $7 worth of perks (depending on
8  [Mr. Mateo's] overall points in the program)." *Id.* at 19.

9        Before his termination, Mr. Mateo had "never used his rewards information for any
10  customer. He was never cited for any disciplinary issue at work, was never given any verbal or
11  written warning, any suspension or any demotion of any kind." *Id.* "If the violation of the
12  rewards program as modified was a policy violation," Mr. Mateo, "was unaware of it, much less[]
13  that such violation for that one single incident would cause him to lose his job and his benefits."
14  *Id.*

15        Mr. Mateo is over the age of forty, "Filipino in ethnicity, and of the Malay race." *Id.* at 17.
16  He believes that his age, national origin, race and/or ethnicity played a significant role in his
17  termination. *Id.* at 19.

18      **B.**    **Procedural background**

19        On December 30, 2022, Mr. Mateo commenced this action against Home Depot, Greg
20  Johnson, and Michael Chagoya (collectively, "Home Depot") in Alameda County Superior Court.
21  ECF 15 at 15. He asserts claims for (1) breach of contract, (2) breach of the covenant of good
22  faith and fair dealing, (3) age-based discrimination in violation of the Age Discrimination in
23  Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, California Government Code § 12940(a),
24  and Article I, § 8 of the California Constitution, (4) race-based and/or national original
25  discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.
26  § 2000e, *et seq.*, California Government Code § 12940(a) and Article I, § 8 of the California
27  Constitution, (5) failure to prevent discrimination under California Government Code § 12900,
28  (6) infliction of emotional distress, (7) declaratory relief, and (8) public policy violations. *Id.* at

20-34.

Home Depot removed the case to federal court on April 3, 2023.[2] ECF 1. In its notice of removal, Home Depot asserts that original jurisdiction exists pursuant to 28 U.S.C. § 1331 because Mr. Mateo brings federal claims for discrimination under the ADEA and Title VII. *Id.* at 2. As to Mr. Mateo's state law claims, Home Depot asserts that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a). *Id.* at 2-3.

On May 16, 2023, Mr. Mateo moved to remand the case to state court, with a request for attorney's fees and costs associated with the removal.[3] ECF 15. Home Depot filed its opposition on May 30, 2023. ECF 18. Mr. Mateo filed his reply on June 5, 2023. ECF 20. On September 11, 2023, the Court vacated the hearing on the motion and ordered the parties to file supplemental briefs addressing the applicability of the Ninth Circuit's decision in *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). ECF 27. Mr. Mateo filed his supplemental brief on September 19, 2023.[4] ECF 28. Home Depot filed its supplemental brief on September 22, 2023. ECF 29.

## II.    LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Subject matter jurisdiction may arise from either federal question jurisdiction or diversity jurisdiction. *Id.*

A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should

---

[2] The individual defendants consented to removal. ECF 1 at 2; ECF 4.

[3] The motion identified the issues to be decided as follows: "1. Whether or not [the] state court has subject matter jurisdiction over this case thus necessitating a remand. 2. Whether or not attorney fees and costs should be awarded to plaintiff." ECF 15 at 2.

[4] On the topic of interest to the Court, Mr. Mateo's supplemental brief only provides: "The ruling in *Rains v. Criterion Systems, Inc.*, (1995) 80 F2d 339 [*sic*] (Ninth Cir) [*sic*] squarely applies to the facts established in this case. Plaintiff's motion should thus be granted and this case remanded back to state court." ECF 28 at 1.

1  be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090
2  (9th Cir. 2003) (footnote omitted).

**III.   DISCUSSION**

   **A.   Remand**

The question of remand turns on whether Mr. Mateo's third and fourth causes action are federal claims, that is, whether "federal law creates the cause[s] of action . . . ." *See Rains*, 80 F.3d at 343. Mr. Mateo's complaint provides that the third cause of action "is brought pursuant to 29 USC § 623, Government Code § 12940 (a) and Art. I[,] § 8 of the California Constitution." ECF 15 at 23. The fourth cause of action "is brought pursuant to 29 USC § 2000 et seq., Government Code § 12940 (a) and Art. I[,] § 8 of the California Constitution." *Id.* at 26.

Mr. Mateo asserts that the references to "29 USC § 623 and 29 USC § 2000, et.seq. in the third and fourth causes of action are superfluous, both causes of action having arisen from Government Code § 12940 (a) and Art. 1[,] § 8 of the California Constitution . . . after exhausting his administrative remedies before the DFEH as required under California law." ECF 15 at 3. Mr. Mateo contends that the mere reference to those statutes "in two (2) of the eight (8) causes of action is a complete aside and does not justify removal," that neither federal statute provides "essential elements of [his] case," and that "the state law claims alleged in the complaint do NOT raise any federal issues that are disputed or substantial." *Id.* at 3-6 (capitalization is original).

In opposition, Home Depot argues that the unambiguous assertion of these federal claims supplies the basis for removal, not whether Mr. Mateo's claims raise substantial federal questions. ECF 18 at 3; *see also* ECF 29 at 3. It also asserts that the Court can exercise supplemental jurisdiction over Mr. Mateo's state law claims. ECF 18 at 4.

In reply, Mr. Mateo argues that this Court must cede jurisdiction to the state court because, to the extent the complaint is ambiguous as to the bases for the third and fourth causes of actions, such ambiguity must be resolved in favor of remand. ECF 20 at 2. Mr. Mateo also argues that the Court must decline to exercise supplemental jurisdiction over the state law claims. *Id.* at 3. In addition, Mr. Mateo reiterates his request for attorney's fees and costs, asserting that "[a] simple phone call" would have "clarif[ied] any perceived 'ambiguity'" as to the bases for his claims. *Id.*

4

at 4.

In their papers, neither party cited an instructive Ninth Circuit decision. *See generally* ECF 15, 18, 20. In *Rains v. Criterion Systems, Inc.*, the plaintiff filed a lawsuit in state court, asserting state law claims for wrongful termination in violation of public policy and intentional interference with contractual relations, among others. *Id.* at 342. The plaintiff's complaint "state[d] at the outset that it arise[d] under 'the laws of the United States (42 U.S.C. [§] 2000(e)-2), the laws of the State of California, (Gov. Code § 12940 et seq.), the rules, regulations, and directives implementing said statutes and common law.'" *Id.* at 343 (internal modifications omitted). The wrongful termination claim specifically referenced the California Constitution, the California Fair Employment and Housing Act, and Title VII. *Id.*

After the defendants removed the action on the basis of federal question jurisdiction, the district court granted summary judgment in favor of the defendants. *Id.* at 342. The Ninth Circuit reversed, holding that "a plaintiff may allege a violation of Title VII of the Civil Rights Act of 1964's policy against religious discrimination as part of a state law cause of action without converting his claim into a Title VII action or an action that depends on a substantial federal question." *Id.* at 341-42. The court specifically noted: "[w]hile the reference to the laws of the United States and specifically to Title VII suggests that [the plaintiff] might be asserting at least one federal cause of action, the actual causes of actions stated in the complaint all sound in state law." *Id.* at 343. The court explained: "That the same facts could have been the basis for a Title VII claim does not make [the plaintiff's] wrongful termination claim into a federal cause of action. [The plaintiff] chose to bring a state claim rather than a Title VII claim, and was entitled to do so." *Id.* at 344.

Mr. Mateo was likewise entitled to do so here. *See id.* (citing *Caterpillar*, 482 U.S. at 392 (A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law.")). But, whether by carelessness or otherwise, Mr. Mateo has muddled the bases for his state law claims by including references to federal law that he now calls "superfluous" and a "complete aside." *See* ECF 15 at 3; ECF 20 at 4. This confusion has supplied the purported basis for removal, and at the same time, necessitated the instant motion. The Court relies on *Rains* to resolve it.

5

Although Home Depot contends that the holding in *Rains* is not applicable here, *see* ECF 29 at 3, the decision is nonetheless helpful. Home Depot correctly asserts that in this case "the claims at issue are not state law claims that reference a federal statute." ECF 29 at 4. Its contention that Mr. Mateo's "complaint directly states that []he is asserting federal claims," however, ignores the guidance from *Rains* that undermines this argument. There, as here, the plaintiff made references to federal law in his complaint. The *Rains* complaint specifically stated that "it arise[d] under "the laws of the United States (42 U.S.C. [§] 2000(e)-2), the laws of the State of California, (Gov. Code § 12940 *et seq.*), the rules, regulations, and directives implementing said statutes and common law." *See Rains*, 80 F.3d at 343. Mr. Mateo's complaint contains similar references. He brings his third cause of action "pursuant to 29 USC § 623, Government Code § 12940 (a) and Art. I[,] § 8 of the California Constitution." ECF 15 at 23. He asserts the fourth cause of action "pursuant to 29 USC § 2000 et seq., Government Code § 12940 (a) and Art. I[,] § 8 of the California Constitution." *Id.* at 26. But, as the Ninth Circuit observed in *Rains*, "[t]he label that a plaintiff places on his pleadings . . . does not determine the nature of his cause of action." 80 F.3d at 343 n.2 (citation omitted).

Here, those labels do not compel a finding of federal question jurisdiction. When considering the third and fourth causes of action in the context of the other claims Mr. Mateo alleges in his complaint, a fair reading is that Mr. Mateo intended to rely on state law. Indeed, Mr. Mateo asserts that his third and fourth claims "arise[] from Government Code § 12940(a) and Art. 1[,] § 8 of the California Constitution." *See* ECF 15 at 3. He also points out that "he first sought remedy before the Department of Fair Employment and Housing (DFEH), a state agency, instead of the Equal Employment Opportunity Commission (EEOC) prior to filing his complaint." ECF 20 at 2; *see also* ECF 15 at 3. Home Depot thus goes too far in asserting that "the Complaint clearly . . . asserts claims based on" Title VII and the ADEA. *See* ECF 18 at 3. The basis for removal is questionable in light of the ambiguity in the complaint, and the Court resolves that ambiguity, as it must, in favor of remand. *See Matheson*, 319 F.3d at 1090.

### B. Attorney's Fees and Costs

A remand order "may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of such fees and expenses is within the discretion of the district court. *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992). Here, Mr. Mateo seeks fees and costs of $3,250.00. ECF 28 at 3. Home Depot contends that Mr. Mateo's request for attorney's fees and costs should be denied because the assertion of federal claims provides an objectively reasonable basis for removal. ECF 18 at 4. Because Mr. Mateo's references to "superfluous" federal statutes in his complaint gave rise to the notice of removal, and consequently, the instant motion to remand, the Court does not find it appropriate to award attorney's fees and costs. Accordingly, Mr. Mateo's request for fees and costs is denied.

## IV. CONCLUSION

For the reasons set forth above, the motion to remand is granted. This matter is remanded to Alameda County Superior Court. The request for fees and costs is denied.

**IT IS SO ORDERED.**

Dated: October 26, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**